**UNITED STATES of America,**
Libelant-Appellee,

v.

**EASTPORT STEAMSHIP CORPORA-
TION and Seaboard Surety Com-
pany, Respondents-Appellants.**

**No. 197, Docket 28454.**

United States Court of Appeals
Second Circuit.

Argued Nov. 21, 1963.

Decided June 8, 1964.

Lawrence F. Ledebur, Dept. of Justice, Washington, D. C., (John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, Leavenworth Colby, Dept. of Justice, Washington, D. C., and Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, on the brief), for libelant-appellee.

J. Franklin Fort, Washington, D. C. (Francis J. O'Brien, Zock, Petrie, Sheneman & Reid, New York City, T. S. L. Perlman, J. Lovering Truscott, and Kominers & Fort, Washington, D. C., on the brief), for respondents-appellants.

Before MEDINA, WATERMAN and MARSHALL, Circuit Judges.

PER CURIAM.

The sole issue presented in this case is whether the Maritime Commission was acting within its authority in setting a particular formula for calculating charter hire in the bareboat charter of the SS Denison Victory from the United States to Eastport Steamship Corporation entered into in 1951.

After careful consideration of the arguments advanced by each side, we were of the opinion that the decision below should be affirmed for the reasons so ably stated in the District Court and Circuit Court opinions in Massachusetts Trustees of Eastern Gas and Fuel Associates v. United States, D.C.Mass., 1962, 202 F. Supp. 297, aff'd, 1 Cir., 1963, 312 F.2d 214, aff'd, 1964, 84 S.Ct. 1236, and incorporated by reference in the opinion of Judge Levet below. However, as certiorari had been granted to review the decision of the First Circuit in that case, and since we had no new ideas to contribute, we decided to postpone our disposition of this appeal until after the Supreme Court decided the Eastern Gas case.

Now that we have had an opportunity to examine the opinion of the Supreme Court in Eastern Gas, 1964, 84 S.Ct. 1236,. we find that each of the arguments advanced here by Eastport has been considered and disposed of by the Supreme Court.

Accordingly, the decree below is affirmed.